Argued March 21, affirmed May 8, reconsideration denied June 14, petition for review denied September 8, 1978

ZINK, *Appellant,*
*v.*
LANE COMMUNITY COLLEGE DISTRICT,
*Respondent.*
(No. 77-0842, CA 8927)
578 P2d 471

Terence J. Hammons, Eugene, argued the cause for appellant. With him on the brief was Hammons, Phillips & Jensen, Eugene.

Edward C. Harms, Jr., Springfield, argued the cause for respondent. With him on the brief was Harms, Harold & Leahy, Springfield.

[ 251 ]

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiff brought this declaratory judgment proceeding in which he seeks a declaration that his termination as chairman of defendant's mathematics department was invalid, and that he is entitled to "full-time employment and a full-time salary during the remainder of his contract with defendant."[1] The trial court denied him relief; we affirm.

In March of 1973 plaintiff and defendant signed a contract for a period commencing September 10, 1973, and ending June 30, 1979, under the terms of which plaintiff was appointed assistant professor of mathematics, and also chairman of defendant's mathematics department in accordance with a "Statement of Appointment" signed by the parties at or about the same time as the contract to which it relates. The Statement of Appointment, in its entirety, provides:

> "Howard Zink, in accord with OIAP 1-2.0 and subject to its terms and conditions, has been appointed as chairman of the mathematics department. This appointment extends to June 30, 1975, and automatically calls for a comprehensive evaluation prior to the above date as the basis for considering the above named chairman for another three year term."

The contract incorporated rules and regulations of defendant, and the Statement of Appointment specifically referred to OIAP 1-2.0, one of the rules. Another rule, Board Policy 4112 provided that department chairmen would not be given continuing appointments in that position. Plaintiff concedes that his designation as department chairman was not for the full

---

[1] Full-time employment, as used here, means employment for 48 weeks out of a year. The record indicates that department chairmen are employed for 48 weeks, while the teaching faculty have only 36-week contracts. As the defendants points out, however, a 36-week contract is considered to be full-time employment; department chairmen are entitled to an "extended contract." Subsequent to the termination of his chairmanship, plaintiff was employed on a 36-week basis, but has been given extra assignments in order that his total compensation equals his 1974-75 compensation; however, the extra assignments decrease each year as the base salary increases.

period of his contract. He does contend, however, that the office of chairman of the department was not properly declared vacant under OIAP 1-2.0, and therefore the termination of his appointment was invalid.

As we read the Statement of Appointment, the appointment terminated by its own terms on June 30, 1975; it was not necessary for defendant to do anything to accomplish the termination, unless the provisions of OIAP 1-2.0, referred to in the Statement of Appointment, change that result.

That regulation is entitled, "Selection of Department Chairmen," and relates primarily to that subject, and to the reappointment of department chairmen upon expiration of their term of office. The substance of section II C of OIAP 1-2.0 and of the language of the Statement of Appointment is that in order to be considered for reappointment to another three year term as chairman, the plaintiff must undergo a comprehensive evaluation prior to the termination date of his existing appointment. In other words, absent a comprehensive evaluation, plaintiff would not be considered for reappointment. Under section 4(d) of OIAP 1-8.1,[2] it was plaintiff's duty to arrange for his comprehensive evaluation by designating someone other than himself to administer it. If he failed to do so, he is not in a position to complain.

Plaintiff does not allege in his complaint that the defendant illegally failed to reappoint him as chairman; apparently it is his position that unless and until the position is declared vacant or open for applications,

---

[2]OIAP 1-8, 1, 4, d, is entitled "Department Chairmen/Director's Evaluation Procedure" and provides in part: "Each department will designate one person other than the Department Chairman to administer the evaluation." In the absence of any evidence of a different practical or administrative construction of this provision, we construe it to mean that the department chairman will designate the person to conduct the evaluation. The record indicates that plaintiff did, in fact, arrange for his evaluation in 1975, although he claims that evaluation was for a different purpose and on a different form from the one in existence at the date of the contract.

his term had not expired. In our opinion, the Statement of Appointment compels a different conclusion.

Affirmed.

**TANZER, J.,** specially concurring.

I concur in the result, but for different reasons than those expressed by the majority.

The contract between the parties was accepted by plaintiff "under the written policies of the Board and written administrative rules and regulations developed to implement such policies." That provision contemplates that administrative rules are subject to adoption and modification.

Plaintiff complains here that a rule change during his term changed the method of faculty evaluation and that he was entitled as a matter of contract to consideration for reappointment following the form of evaluation provided for under the rule in effect at the time of his appointment. I agree with defendant that the contract did not give to plaintiff three-year entitlement to an unchanged rule regarding the method of faculty evaluation to be used, among other things, as a part of the selection process for a department head.

The theory of the majority was not relied upon by defendant and was therefore not answered by plaintiff. It strikes me as insubstantial and I would not rely upon it.